**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:24CV-P76-JHM**

**NATHAN DONALD ROTH**                                                                    **PLAINTIFF**

v.

**METCALFE COUNTY SHERIFF OFFICE**                                     **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Nathan Donald Roth filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. In addition to the complaint (DN 1), Plaintiff filed a document which he requests to be "attach[ed]" to the case (DN 5). The Court construes this filing as a motion to amend the complaint and **GRANTS** the motion. *See* Fed. R. Civ. P. 15(a). The complaint and amended complaint are now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is housed at the Kentucky Correctional Psychiatric Center. He names the Metcalfe County Sheriff's Office (MCSO) as the only Defendant. Plaintiff states that he had a $750,000 lawsuit in Ohio and it was a "strong case." He asserts that "the judges need to hear this case. Hope for wages lost over million dollars." He further states as follows:

> Wrongfully missing and seized by the Sheriff of Metcalfe County asking for no less than $750,000 and all my stuff that was wrongfully seized plus time I'm spend in jail all my "presidential fire-arms" and there's bullets missing too I'm filing for the truth wish you judges see to help with knowing the truth rockstar level not cheap.

Plaintiff states, "RV Chevy 454 motor, more than half of everything in my RV missing. My Chevy Silverado truck. Money lost from working on trucking pallets." He asserts, "Sign civil lawsuit

never got paid do to wrongfully locked up. Five million sound about right. So sorry judges for the lyes they said in court at Akron Ohio."

Plaintiff also states that he has been "wrongfully in jail." He states, "I'm losing land deals, I'm losing social security income each month I'm locked up wrongfully already had a jury say there peace on me having firearms. Lost a lot of money and pallets business deals . . . ." He states that his jury trial was in March 2021. He states, "Judges of Kentucky please honor this five million dollars."

In the amended complaint, Plaintiff alleges, "(1) False acusation of police reports. Never had a camper on Neeper Rd ('parked).' (2) Never owned a camper with firearms in it."

As relief, Plaintiff seeks compensatory and punitive damages and "release of all property seized without warrant." In the amended complaint, he also seeks "injunctive relief – case dismissal, no contact orders."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Although the complaint and amended complaint are not a model of clarity, the Court construes the action as challenging Plaintiff's conviction and the seizure of his property.

#### A. *Challenge to conviction*

Plaintiff cannot challenge his conviction in this action. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. (footnote omitted). This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkerson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff does not allege that his conviction was reversed on appeal or otherwise

invalidated. Therefore, Plaintiff's allegations challenging the validity of his conviction must be dismissed for failure to state a claim upon which relief may be granted.

### B.  *Seizure of property*

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While state law governs the length of the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The statute of limitations begins to run "when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (quoting *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010)); *see also Robinson v. Butler Cnty., KY*, No. 21-5536, 2022 U.S. App. LEXIS 34938, at *5-6 (6th Cir. Dec. 16, 2022). "[T]he Court looks to what event should have alerted the typical lay person to protect his or her rights." *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) (internal citations omitted).

Here, Plaintiff's claims based on the seizure of his personal property accrued on the date of the seizure. *See, e.g.*, *Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) (plaintiff's claims accrued on the date of the alleged illegal search and seizure); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same). While Plaintiff does not state the date that his property was seized, it is clear that the seizure occurred before his trial in March 2021. Therefore, the

limitations period accrued, at the very latest in March 2021, and expired one year later in March 2022.  Plaintiff filed his complaint on May 31, 2024,[1] more than two years after the statute of limitation expired.  Thus, Plaintiff's claim based on the seizure of his property is untimely and must be dismissed as frivolous.  *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:   November 26, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010

---

[1] Under the mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing.  *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).